UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
HD SUPPLY FACILITIES
MAINTENANCE, LTD.,

                Plaintiff,

    -against-

REAL GREEN MANAGEMENT CORP.,

                Defendant.
-----------------------------------------------------------X

**MEMORANDUM
AND ORDER**
23-CV-3588 (ARR) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

On October 11, 2023, the Clerk of Court entered judgment in favor of Plaintiff HD Supply Facilities Maintenance, Ltd., against Defendant Real Green Management Corp. ("Defendant" or "Judgment Debtor"), following Defendant's default. (Clerk's J., ECF No. 10; Clerk's Entry of Default, ECF No. 7.) Now pending before the Court is Plaintiff's motion to compel Defendant, as Judgment Debtor, to respond to Plaintiff's information subpoena, and motion for attorneys' fees, penalties, and costs. (Mot. to Compel Def.'s Resp. to Information Subpoena ("Mot. to Compel"), ECF No. 12.) For the reasons set forth below, Plaintiff's motion is granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes general familiarity with the substance and history of the case and includes only the background relevant to the instant motion. As noted above, the Clerk of Court entered judgment in this case, pursuant to Federal Rule of Civil Procedure 55(b)(1), on October 11, 2023. (Clerk's J., ECF No. 10.) As part of the judgment, the Court ordered Defendant to pay Plaintiff $111,964.32. (*Id.*)

On or about September 16, 2024, Plaintiff served a business information subpoena "requesting financial and asset information of Judgment Debtor's property,

income or any other means relevant to the satisfaction of the judgment" on Defendant by certified mail and with return receipt requested, with a deadline to respond by September 23, 2024. (Manley Decl., ECF No. 12-1, ¶¶ 12–14; Information Subpoena, ECF No. 12-2.) Defendant failed to respond to the information subpoena. (Manley Decl., ECF No. 12-1, ¶ 15.) On October 29, 2024, Plaintiff sent Defendant a letter providing additional time for Defendant to respond to the subpoena and requesting that Defendant respond by November 5, 2024. (*Id.* ¶¶ 17–19.) As of May 14, 2025, Defendant had not responded to the subpoena or the letter. (*Id.* ¶ 20.)

On May 14, 2025, Plaintiff filed its motion to compel and a certificate of service representing that Plaintiff sent a copy of the motion and supporting documents via mail to Defendant. (Mot. to Compel, ECF No. 12; *see also* Certificate of Service, ECF No. 13.) On May 21, 2025, the Court directed Defendant to respond to the motion by June 4, 2025, and directed the Clerk of Court to mail a copy of the order to Defendant. (May 21, 2025 ECF Order.) Defendant did not respond to the motion.

On September 5, 2025, in response to the Court's order directing Plaintiff to supplement its motion with information relevant to Plaintiff's request for attorneys' fees and costs, Plaintiff filed a declaration providing additional information as to the background and experience of the billing professionals listed in the billing records. (Manley Suppl. Decl., ECF No. 14; *see also* Aug. 22, 2025 ECF Order.) Plaintiff also requested additional attorneys' fees and costs beyond those requested in the initial motion to compel, and submitted invoices and receipts in support of those fees and costs. (Manley Suppl. Decl., ECF No. 14, ¶¶ 15–19; Invoices, ECF Nos. 14-2, 14-4, & 14-6; Receipts, ECF Nos. 14-1, 14-3, & 14-5.)

# DISCUSSION

In its motion, Plaintiff moves to compel Defendant's response to Plaintiff's information subpoena, and moves for penalties, costs, and fees for Defendant's failure to comply with the subpoena. (*See generally* Mot. to Compel, ECF No. 12; Manley Suppl. Decl., ECF No. 14.) The Court addresses each request in turn.

## I. Motion to Compel Response to Information Subpoena

### A. Legal Standards

Rule 69 of the Federal Rules of Civil Procedure provides that "a party that obtains a money judgment in a federal district court may enforce that judgment in accordance with the procedure of the state in which the court is located." *Plaza Motors of Brooklyn, Inc. v. Rivera*, No. 19-CV-6336 (LDH) (RLM), 2021 WL 4356011, at *2 (E.D.N.Y. Sept. 24, 2021) (citing Fed. R. Civ. P. 69(a)(1)); *Soundkillers LLC v. Young Money Ent., LLC*, No. 14-CV-7980 (KBF) (DF), 2016 WL 4990257, at *3 (S.D.N.Y. Aug. 2, 2016), *report and recommendation adopted*, 2016 WL 4926198 (S.D.N.Y. Sept. 15, 2016). Rule 69(a) further provides that a judgment creditor may obtain discovery from the judgment debtor as provided in the Federal Rules of Civil Procedure, "or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2); *see also Fed. Ins. Co. v. CAC of NY, Inc.*, No. 14-CV-4132 (DRH) (SIL), 2015 WL 5190850, at *2 (E.D.N.Y. Sept. 4, 2015).

"Under New York law, a judgment creditor can use an information subpoena to compel disclosure of information relevant to a judgment debtor's satisfaction of the judgment." *Soundkillers LLC*, 2016 WL 4990257, at *3 (citing N.Y. C.P.L.R. § 5223); *see also CAC of NY, Inc.*, 2015 WL 5190850, at *2 (same). "Service of an information subpoena may be made by registered or certified mail, return receipt requested," and "[a]nswers shall be made in writing under oath by the person upon whom served[.]" N.Y. C.P.L.R. § 5224(a)(3). "If the recipient of an information subpoena fails to respond within seven

3

days, a court may order compliance." *Plaza Motors of Brooklyn, Inc.*, 2021 WL 4356011, at *2 (citing N.Y. C.P.L.R. § 2308(b)(1)); *see also Vicedomini v. A.A. Luxury Limo Inc.*, No. 18-CV-7467 (LDH) (RLM), 2021 WL 620932, at *1 (E.D.N.Y. Feb. 17, 2021) (same). "'Failure to comply with the compelled compliance may then give rise to contempt.'" *Soundkillers LLC*, 2016 WL 4990257, at *3 (quoting *AXA Equitable Life Ins. Co. v. Epstein*, 907 N.Y.S.2d 601, 603 (N.Y. Sup. Ct. 2010)).

### B. Analysis

Here, Plaintiff served the subpoena on September 16, 2024. (Manley Decl., ECF No. 12-1, ¶ 12; Information Subpoena, ECF No. 12-2; Affirmation of Service, ECF No. 12-2.) The Court finds that service of the subpoena upon Defendant complied with N.Y. C.P.L.R. § 5224(a)(3) and was sufficient under the circumstances. (*See* Affirmation of Service, ECF No. 12-2 (affirming that the information subpoena was mailed via certified mail, return receipt requested).) Defendant's time to respond to the subpoena expired on September 23, 2024; Defendant did not respond before the deadline, and had not responded to the subpoena as of May 15, 2025. (Manley Decl., ECF No. 12-1, ¶¶ 14, 20.)

Plaintiff is pursuing information regarding, among other things, Defendant's businesses, property, accounts, income, and assets. (*See* Information Subpoena, ECF No. 12-2.) Accordingly, the Court finds that the information Plaintiff seeks from Defendant is relevant to collecting the judgment against Defendant and, therefore, discoverable under Federal Rule of Civil Procedure 69. *See Plaza Motors of Brooklyn, Inc.*, 2021 WL 4356011, at *3; *Vicedomini*, 2021 WL 620932, at *2; *CAC of NY, Inc.*, 2015 WL 5190850, at *2. The Court therefore grants Plaintiff's motion to compel. Defendant is directed to respond to Plaintiff's information subpoena within 30 days of this Order.

4

**II. Request for Penalties, Fees, and Costs**

An information subpoena recipient who fails to comply with the information subpoena may be subject to a $50.00 penalty and the imposition of up to $50.00 in costs under N.Y. C.P.L.R. § 2308(b)(1). *See Giuliano v. N.B. Marble Granite*, No. 11-MC-753 (JG) (VMS), 2014 WL 2805100, at *4 (E.D.N.Y. June 20, 2014) (citing N.Y. C.P.L.R. § 2308(b)(1)). In addition, "§ 2308(b)(1) authorizes an award of damages sustained by reason of the failure to comply, . . . [and] [d]amages include reasonable attorneys' fees incurred in making the motion to compel and enforcing the information subpoena." *Russian Sch. of Mathematics, Inc. v. Sinyavin*, No. 23-CV-8103 (PMH), 2024 WL 4449670, at *2 (S.D.N.Y. Oct. 9, 2024) (quotation marks omitted) (alterations in original). "The burden is on the party seeking the fee award to prove that the requested fees and hours are reasonable," and "[t]hat party must substantiate its requested number of hours expended through contemporaneous time records." *Giuliano*, 2014 WL 2805100, at *7. "Ultimately, the determination of a reasonable fee is within the district court's discretion." *Id.* (citing *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Here, Plaintiff initially sought $3,461.00 in attorneys' fees, $50.00 in costs, and $50.00 in penalties, but has since amended their request for relief and now seeks $7,227.00 in fees, $98.09 in costs and disbursements, and $50.00 in penalties. (Mot. to Compel, ECF No. 12, at 2; Manley Decl., ECF No. 12-1, ¶¶ 23–24; Manley Suppl. Decl., ECF No. 14, ¶¶ 15–19.)

In support of Plaintiff's request for attorneys' fees, Plaintiff submitted four sets of contemporaneous billing records for attorney time spent in connection with enforcing compliance with the information subpoena and this motion, together with a supplemental declaration providing detail regarding each billing professional's background and level of experience. (*See* Billing Records, ECF No. 12-4; Invoices, ECF

5

Nos. 14-2, 14-4, & 14-6; Manley Suppl. Decl., ECF No. 14, ¶¶ 7–12.) Plaintiff requests an award of attorneys' fees in the amounts below:

| Title | Name | Hours Worked | Proposed Rate | Total Amount |
|---|---|---|---|---|
| Partner | Morgan V. Manley | 1.9 | $460 (1.8 hours); $525 (0.1 hours) | $880.50 |
| Partner | Richard D. Rivera | 0.3 | $470 | $141.00 |
| Associate | Katie L. Schwartz | 5.6 | $510 (3 hours); $560 (2.6 hours) | $2,986.00 |
| Law Clerk | Isabella Loarte-Ciudad | 5.3 | $415 | $2,199.50 |
| Paralegal | Peter Choi | 3 | $340 | $1,020.00 |
| **Proposed Total Amount** | | | | **$7,227.00** |

(Manley Suppl. Decl., ECF No. 14, ¶ 12; *see also* Billing Records, ECF No. 12-4; Invoices, ECF Nos. 14-2, 14-4, & 14-6.) In support of the application for fees, Plaintiff's counsel provided contemporaneous billing records broken down in 6-minute increments, listing descriptions of tasks undertaken. (*See* Billing Records, ECF No. 12-4; Invoices, ECF Nos. 14-2, 14-4, & 14-6.) Plaintiff's counsel also provided descriptions of the qualifications of each professional who worked on the case. (Manley Suppl. Decl., ECF No. 14, ¶¶ 7–12.)

Courts have broad discretion in determining reasonable attorneys' fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). The method for determining reasonable fees in this circuit is based on a number of factors, such as the labor and skill required to litigate the case, the difficulty of the issues, the attorney's customary hourly rate, the experience, reputation, and ability of the attorney, and awards in similar cases. *See Arbor Hill*, 522 F.3d at 186 n.3, 190. In particular, when assessing an attorney's requested hourly rate, courts typically consider other rates

6

awarded in the district in which the reviewing court sits. This is known as the "forum rule." *See Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009) (recounting history of the forum rule). The rates in the Eastern District are generally "$450–$650 for partners, $300–$450 for senior associates, $150–$300 for junior associates, and $100–$150 for paralegals." *Rubin v. HSBC Bank USA, NA*, 763 F. Supp. 3d 233, 243–44 (E.D.N.Y. 2025) (footnote omitted).

The Court finds that the hours that counsel has expended are reasonable in light of the work performed. However, several of the requested rates do not fall within the range normally approved within this district and are not reasonable given the billing professional's experience level and relative simplicity of the motion and enforcement efforts undertaken here. *See Giuliano*, 2014 WL 2805100, at *8 (reducing an attorney's hourly rate for work on an information subpoena and stating that "the work here did not require a particular level of expertise because it was not complex"). The Court therefore reduces the hourly rates for Ms. Schwartz, Ms. Loarte-Ciudad, and Mr. Choi to rates within the Eastern District's range, and awards attorneys' fees in the amount of **$5,581.50**. A breakdown of the adjusted billing rates is below:

| Title | Name | Hours Worked | Hourly Rate | Total Amount |
|---|---|---|---|---|
| Partner | Morgan V. Manley | 1.9 | $460 (1.8 hours); $525 (0.1 hours) | $880.50 |
| Partner | Richard D. Rivera | 0.3 | $470 | $141.00 |
| Associate | Katie L. Schwartz | 5.6 | $450 | $2,520.00 |
| Law Clerk | Isabella Loarte-Ciudad | 5.3 | $300 | $1,590.00 |
| Paralegal | Peter Choi | 3 | $150 | $450.00 |
| **Total Amount** | | | | **$5,581.50** |

7

In addition to fees, Plaintiff has requested reimbursement for $98.09 in costs. (Manley Suppl. Decl., ECF No. 14, ¶ 19.) The Court finds that the expenses sought here are reasonable and supported by documentation. (*See* Receipts, ECF Nos. 14-1, 14-3, 14-5.) However, N.Y. C.P.L.R. § 2308(b)(1) expressly states that the Court "may impose costs not exceeding fifty dollars." Accordingly, the Court finds that Plaintiff is entitled to **$50.00** in costs. *See id.* The Court also finds that Plaintiff is entitled to the **$50.00** statutory penalty. *See id.*; *Giuliano*, 2014 WL 2805100, at *4.

For the reasons stated above, Plaintiff's request for fees, costs, and penalties is granted. Plaintiff is therefore awarded **$5,681.50** ($5,581.50 in attorneys' fees, $50.00 in costs, and $50.00 in fees).

## CONCLUSION

Plaintiff's motion to compel and for penalties, costs, and fees is granted. Defendant is directed to respond in full to Plaintiff's information subpoena, and to mail its responses to Plaintiff's counsel, within 30 days of this Order. Defendant shall also pay attorneys' fees, penalties, and costs in the amount of **$5,681.50**.

SO ORDERED.

Dated: Brooklyn, New York
September 19, 2025

_____
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE